**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7645**

NORMAN RATTLIFF, JR.,

Plaintiff – Appellant,

v.

GERALD MCPEAK, Superintendent, New River Valley Regional
Jail; N. H. PELKINS, Correctional Officer Supervisor, New
River Valley Regional Jail; JOHN DOE, JR., Primary Care
Physician, New River Valley Regional Jail,

Defendants – Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. Glen E. Conrad, District
Judge. (7:08-cv-00551-gec-mfu)

Submitted: April 22, 2010          Decided: May 19, 2010

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Remanded by unpublished per curiam opinion.

Norman Rattliff, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman Rattliff, Jr., seeks to appeal the district court's order denying his Fed. R. Civ. P. 59(e) motion for reconsideration of the district court's dismissal of his 42 U.S.C. § 1983 (2006) complaint. The district court's order was entered on March 19, 2009. We construe Rattliff's notice of appeal as having been filed on August 29, 2009, the day he delivered it to prison officials for mailing. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 277 (1988). In his notice of appeal, Rattliff stated that he did not receive notice of the district court's order.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

Rattliff's notice of appeal is clearly untimely. However, under Rule 4(a)(6), the district court may reopen the time to file an appeal if (1) the moving party did not receive notice of entry of judgment within twenty-one days after entry, (2) the motion is filed within 180 days of entry of judgment or

2

within seven days of receiving notice from the court, whichever is earlier, and (3) no party would be prejudiced. We remand for the limited purpose of permitting the district court to determine whether Rattliff is entitled to the benefit of Rule 4(a)(6) to reopen the time to file an appeal. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED